Borenstein, J.
On October 24, 2000, The Lexington Conservation Commission (“the Commission”) commenced this action against the Kaviakian Family Trust, Hermine Kaviakian, individually and in her capacity as trustee of the Trust, Alex Kaviakian, and Sarkis Kaviakian (collectively “the defendants”). The *305 Commission alleges that the defendants have violated the Massachusetts Wetland Protection Act, G.L.c. 131, §40 (“the Act”), as well as the Town of Lexington (“the Town”) General By-Law for Wetland Protection and Rules. The Commission’s complaint alleges that the Kavlakian Family Trust owns the property at 56 Webb Street, Lexington, Massachusetts, and that the defendants cut down more than 750 trees, substantially altering protected wetlands, without filing a Request for Determination of Applicability, Notice of Intent, or obtaining a Final Order of Conditions from the Commission as required by the Act.
On October 4, 1999, the defendants’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) and (7) was heard. As grounds for this motion, the defendants allege that the Commission has failed to state a claim in that it is not the proper party to bring this action. For the reasons set forth below, the defendants’ motion to dismiss is DENIED.[2]
DISCUSSION
The defendants claim that the Commission lacks standing to bring an action under the Massachusetts Wetlands Protection Act, G.L.c. 131, §40, or the Town’s General By-Law for Wetland Protection. They argue that the Commission is not included amongst those entitled to bring an action under the Act. Specifically, the defendants contend that the Commission is not a “town.” A common sense reading of the statute, however, reveals otherwise. See G.L.c. 40, §8C.
The Commission is indeed a municipal board of the Town created under the authority of G.L.c. 40, §8C. The Commission is “specifically charged with the responsibility for enforcing the town’s rights under [G.L.c. 40, §8C].” Knowles v. Codex Corp., 12 Mass.App.Ct. 493, 499 (1981); see G.L.c. 40, §8C. Enforcing the Town’s rights “is entirely consistent with the specific mandate of G.L.c. 40, §8C, [. . . that they] ‘manage and control’ the public’s interests in lands which are subject to conservation restrictions and easements.” Knowles, supra at 499. The Commission is a “town” for all purposes of the Act and thus has standing to bring this action.
Moreover, even if the Commission does not equate the statutory language of a “town” for purposes of G.L.c. 131, §40, separate language within G.L.c. 131, §40 specifically confers standing upon the Commission. General Laws chapter 131, §40 states that “a conservation commission and its agents, officers, and employees [. . .] may issue enforcement orders directing compliance with this section and may undertake any other enforcement action authorized by law.” Bringing a suit in this Court is certainly an enforcement action authorized by law. Thus, under this provision as well, the Commission has standing to bring this action. Because the Commission has standing under the Act, their suit has properly been brought against the defendants.[3]
ORDER
For the foregoing reasons, the Defendants’ Motion to Dismiss is DENIED.

 The Court apologizes to the parties and counsel for the delay in the issuance of this decision, which is solely my responsibility. The delay in no way is attributable to anything counsel or the parties did or did not do.

 Because this Court has determined the Commission has standing to enforce the Act, it is unnecessary to decide whether the Commission may enforce the Town’s General By-Law for Wetland Protection.